**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>      Plaintiff,<br>vs.<br>Alexandro Marrufo,<br>      Defendant. | No. CR 17-861-TUC-CKJ |

    Pending before the Court is the Joint Motion for Early Termination of Supervised Release (Doc. 42). The government and Alexandro Marrufo ("Marrufo") request the Court to issue an order terminating Marrufo's supervised release.

    Mr. Max Richards of the District of Arizona Probation Office has submitted a report to the Court regarding the request. The report indicates the out-of-state probation officer stated that, although she has received one email from the AUSA, she has not responded to that email. Further, she has not spoken to either counsel. The out-of-state probation officer further stated Marrufo has not had any positive drug tests since June 2018, works in the construction field, resides with his parents, needs to be reminded to submit monthly reports, and has an outstanding $200 special assessment fee. Additionally, as Marrufo has an unresolved warrant out of Cochise County, the out-of-state probation officer opposes early termination. Further, Mr. Richards opposes early termination.

The Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of

supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. 3583(e)(1). These factors concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for restitution. *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298 *2 (E.D.Cal. 2012), (citations omitted). An offender has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Federal "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]. Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). Indeed, the Ninth Circuit has stated:

> A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997)); *United States v. Bauer*, No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D.Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR–04–40127, 2011 WL 704364, at *2 (N.D.Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

1 *United States v. Emmett*, 749 F.3d 817, 824 n. 2 (9th Cir. 2014). Further, because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

Here, the Court considers the circumstances of the offense and Marrufo's limited criminal history. The Court also considers that Marrufo accepted responsibility in this case, but has not resolved the outstanding assessment fee or warrant. The Court finds that, while an early termination is not inconsistent with policy statements of the Sentencing Commission,[1] an early termination of supervised release would not adequately deter criminal conduct. The Court also considers the opposition to the request by the out-of-state probation officer and Mr. Richards.

The burden is on Marrufo to justify early an early termination of supervised release. Marrufo has not shown any exceptionally good behavior or other changed circumstances to warrant a modification of his release.

Accordingly, IT IS ORDERED the Joint Motion for Early Termination of Supervised Release (Doc. 42) is DENIED.

DATED this 16th day of July, 2019.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] "[T]he Commission has not promulgated any guidelines or policy statements addressing early termination of supervised release, but limited its policy guidance to violations of supervised release." *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017) (citing U.S.S.G., Ch. 7, Pts. A & B).